UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JACOBS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHUCK REED, et al.,<br><br>    Defendants. | No. 2:10-cv-00913-TLN-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

This matter is before the Court pursuant to Plaintiff Thomas Jacobs's ("Plaintiff") Motion to Amend his Complaint. (ECF No. 43.) Defendants County of Santa Clara, Sheriff Laurie Smith, City of San Jose, Police Chief Rob Davis, Mayor Chuck Reed, and Attorney General Xavier Bacerra (collectively, "Defendants") have filed various oppositions to the present Motion. (ECF Nos. 44, 46, 47.) For the reasons discussed below, Plaintiff's Motion is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the initial Complaint on April 16, 2010, alleging he had been unconstitutionally prevented from obtaining a Concealed Weapons ("CCW") permit due to several unconstitutional sections of the California Penal Code ("C.P.C.") and Defendants' unconstitutional application and enforcement of those sections. (ECF No. 1 ¶ 14.)  More specifically, Plaintiff's initial complaint challenges California Penal Code §§ 12050, *et al.*,

12031(b), 12025, 12027, 12027.1, and The Law Enforcement Officers Safety Act ("LEOSA"). (*Id.* ¶ 294.)

On June 9, 2010, the case was stayed pending a final resolution of cases in the United States Supreme Court and Ninth Circuit Court of Appeals. (ECF No. 10.) On July 12, 2016, the Court continued the stay of proceedings pending the Ninth Circuit's decision in *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016). (ECF No. 20.) The Court lifted the stay on August 21, 2017, and at that time allowed Plaintiff to file a motion to amend his complaint. (ECF No. 24.)

Instead of filing a motion to amend, Plaintiff filed a First Amended Complaint on October 20, 2017 (ECF No. 25), which was stricken from the record as both improper and untimely. (ECF No. 26.) Therein, the Court afforded Plaintiff a second opportunity to file a motion to amend his complaint. (*See id.*) Plaintiff thereafter filed his Motion to Amend, attaching a "Proposed Draft of First Amended Complaint" (ECF No. 27, 27-3) but later filed a second version of the proposed amended complaint, attached to a declaration of counsel, which was in turn attached to Plaintiff's reply brief. (ECF No. 36.) The Court denied Plaintiff's motion to amend as moot, and provided that it would entertain a properly noticed motion to file the most recent version of the proposed amended complaint. (ECF No. 41.) The present Motion followed. (ECF No. 43.)

By way of the present motion, Plaintiff seeks leave to amend to add two additional plaintiffs who challenge several additional C.P.C. sections on constitutional grounds. (ECF No. 43.) Proposed Plaintiff Robert Dalke is an Oregon resident with a CCW permit issued under Oregon state law. Dalke seeks to travel into and through California with handguns and magazines of his choice. (ECF No. 43-3 ¶ 36.) Proposed Plaintiff Veterans Law Center, Inc. is a California non-profit corporation whose members desire to travel in California with firearms and magazines currently banned by several C.P.C. sections. (*Id.* ¶ 48.) Put most succinctly, the initial Complaint challenges C.P.C. sections that regulate CCW issuances — and specifically Plaintiff Jacob's failure to obtain a license — whereas the present motion seeks to add new plaintiffs who wish to challenge additional C.P.C. sections regarding California's loaded firearm ban, open carry ban, handgun ban, travel handgun ban, and magazine ban. (*Id.*)

2

**II.    STANDARD OF LAW**

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.    ANALYSIS**

A. Rule 8 and Futility

As an initial matter, as argued by all Defendants in all three oppositions, the Court finds the proposed Amended Complaint does not meet the Rule 8 standard and therefore the newly added claims fail as a matter of law. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint must clearly set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996). Plaintiff's proposed First Amended Complaint is 281 paragraphs long yet fails to clearly differentiate the bases for each claim for relief and fails to identify which of the several Defendants are subject to each of the six claims. (ECF No. 43-3.) This not only burdens Defendants and the Court, but also fails to provide Defendants proper notice of what they must defend against. (ECF No. 47 at 9.) Therefore, the Amended Complaint is subject to dismissal for failure to meet Rule 8 and allowing amendment would therefore be futile. Accordingly, the Court DENIES Plaintiff's motion.

///

///

B. <u>Undue Prejudice under Rule 15(a)</u>

Plaintiff's motion also fails because granting leave to amend would be highly prejudicial to Defendants at this stage in the litigation. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("the consideration of prejudice to the opposing party carries the greatest weight"). Plaintiff asserts he "simply seeks to add additional specificity to his allegations" and therefore there is no prejudice to Defendants. (ECF No. 43-1 at 4.) But in reality, Plaintiff seeks much more than additional specificity. Plaintiff seeks leave to amend the Complaint to add two additional and unrelated Plaintiffs as well as new challenges to numerous, wholly new C.P.C. sections which have no relation to CCW permitting.

The Ninth Circuit has found substantial prejudice to a defendant where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.p.A v. Aeronex, Inc.,* 219 F.Supp.2d 1081, 1094. The proposed Amended Complaint seeks to add two additional plaintiffs whose claims do not arise from CCW permit denials. Plaintiff offers no evidence that either proposed new plaintiff has ever applied for or is actively contesting a CCW permit denial. Proposed Plaintiff Dalke is an Oregon resident with an Oregon issued CCW permit who seeks to travel "into or through California and defendant agencies jurisdictions with a handgun and magazine of his choice." (ECF No. 43-3 ¶ 36.) Proposed Plaintiff Veterans Law Center is a non-profit organization whose members and constituents desire to travel in California with currently banned firearms and challenge several additional C.P.C. sections unrelated to CCW permit issuances. (*Id.* ¶ 48.) The proposed additional plaintiffs have no connection to Plaintiff Jacobs, and their proposed claims rely on wholly different allegations from those asserted in the initial Complaint. These new claims and plaintiffs would greatly alter the nature of litigation and would therefore cause substantial prejudice to Defendants.

Moreover, supplemental pleadings cannot be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood of Southern Arizona v. Neeley,* 130 F.3d 400, 402 (9th Circuit 1997). Here, whereas the initial Complaint is premised on Plaintiff's inability to obtain a CCW permit due to certain C.P.C. sections regulating CCWs, the proposed amended pleadings

(which are in fact supplemental in nature) introduce challenges to ten new C.P.C. sections regarding the loaded firearm ban, open carry ban, handgun ban, travel handgun ban, and magazine ban. (*Id.*) Therefore, the proposed new plaintiffs introduce new causes of action which function on a different set of facts and challenge unrelated C.P.C. sections. For this additional reason, the Court DENIES Plaintiff's Motion.

### C.  Undue Delay

Plaintiff's motion further fails because he delayed in seeking the proposed amendments. More specifically, Plaintiff initially complained only of the denial of his CCW permit, arguing several C.P.C. sections are unconstitutional. (ECF No. 1 ¶ 14.) Plaintiff now seeks to add two additional plaintiffs who are not seeking to contest subsequent CCW permit denials. (ECF No. 43-3.) The proposed additional plaintiffs instead desire to travel to and within California with guns and magazines currently banned by several C.P.C. sections not referenced in the initial complaint. They seek to challenge these additional sections on constitutional grounds. (*Id.* ¶¶ 48-49.)

Relevant to evaluating undue delay, the Court may consider whether Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Plaintiff does not raise any new factual developments or alleged CCW denials since the date of the initial Complaint. Rather, the proposed additional plaintiffs and challenges to additional C.P.C. sections could have easily been raised in the initial Complaint. It is simply too late in the day to add these wholly unrelated parties and claims. For this additional reason, the Court DENIES Plaintiff's motion.

### D.  Improper Joinder under Rule 20(a)(1)

Relatedly, it appears Plaintiff has not met the standard to join new plaintiffs in his action. Persons may join in one action as plaintiffs if they assert (1) any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1).

Plaintiff does not explicitly mention or move to join additional plaintiffs under Rule 20 in the present Motion to Amend. (ECF 43-3). Nonetheless, joinder would be improper because the proposed additional plaintiffs do not share a transaction or occurrence with Plaintiff and challenge a completely different set of C.P.C. sections. (*Id.*) Therefore, to the extent Plaintiff's Motion could be construed as a motion to join plaintiffs under Rule 20, it is DENIED.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Amend (ECF No. 43).

IT IS SO ORDERED.

DATED: June 16, 2020

Troy L. Nunley
United States District Judge